IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § § § § § §<br>vs.<br>JASON SHANE MOSES (1) | CASE NO. 6:22-CR-2-JDK |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On September 21, 2022, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Robert Wells. Defendant was represented by Assistant Federal Defender Matt Millslagle.

*Background*

After pleading guilty to the offenses of Armed Bank Robbery (Count 1), a Class B felony, and Using a Firearm During a Crime of Violence (Count 2), a Class A felony, Defendant Jason Shane Moses was sentenced on September 7, 2007 by United States District Judge David R. Herndon in the Southern District of Illinois. Both counts carried a statutory maximum imprisonment term of 25 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of IV, was 84 to 105 months for Count 1 and 84 months for Count 2, consecutive to Count 1, resulting in a guideline range total of 168 to 189 months of imprisonment. Defendant was sentenced to 204 months of imprisonment, consisting of 120 months of imprisonment on Count 1 and 84 months of imprisonment on Count 2, to run consecutively, followed by a 5-year term of supervised release on each count to run concurrently. Defendant's supervision is subject to the standard conditions of release, plus special conditions to

1

include payment of financial penalties and court-ordered financial obligations, financial disclosure, drug aftercare and search condition.

Defendant completed his term of imprisonment and started his term of supervised release on April 16, 2021. Supervised release jurisdiction was transferred to this district on January 20, 2022.

*Allegations*

In the First Amended Petition seeking to revoke Defendant's supervised release, filed on August 9, 2022, United States Probation Officer Laura Palafox alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance of any paraphernalia related to any controlled substances, except as prescribed by a physician.** It is alleged that Defendant submitted urine specimens on November 16 and 29, 2021 and on December 13, 2021 that tested positive for methamphetamine. Lab results confirmed the positive tests.

2. **Allegation 2 (special condition): The defendant shall participate as directed and approved by the probation officer in an evaluation, and treatment if recommended, for narcotic addiction, drug dependence, or alcohol dependence, which includes urinalysis or other drug detection measures and which may require residence and/or participation in a residential treatment facility. Any participation will require complete abstinence from all alcoholic beverages. The defendant shall pay for the costs associated with substance abuse counseling and/or testing based on a co-pay sliding fee scale approved by the United States Probation Office. Co-pay shall never exceed the total costs of counseling.** It is alleged that Defendant failed to attend substance abuse counseling on December 23, 2021, and on January 4 and January 8, 2022. It is also alleged that Defendant failed to submit drug tests as directed on December 21 and 30, 2021, January 4, January 12, January 20 and January 25, 2022.

3. **Allegation 3 (special condition): If the defendant is unable to satisfy the financial penalties during the period of incarceration, the payment of any unpaid balance shall become a condition of supervised release.** It is alleged that Defendant failed to make a restitution payment for the month of November 2021.

4. **Allegation 4 (mandatory condition): The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant was arrested in Upshur County, Texas, on February 4, 2022 for Evading Arrest or Detention with a Vehicle.

On June 15, 2022, Defendant was convicted of Evading Arrest or Detention with a Vehicle and sentenced to 25 years of imprisonment.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offenses of conviction were Class B and Class A felonies. Accordingly, the maximum imprisonment sentence that may be imposed is 3 years of imprisonment and 5 years of imprisonment, respectively. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine or committing the offense of Evading Arrest or Detention with a Vehicle as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was IV. The guidelines provide that Defendant's guideline range for a Grade B violation is 12 to 18 months of imprisonment. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by submitting urine specimens testing positive for methamphetamine, failing to attend substance abuse counseling, failing to submit drug tests as directed and failing to make a restitution payment as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

Defendant's original criminal history category of IV, the guidelines provide that Defendant's guideline range for a Grade C violation is 6 to 12 months of imprisonment.

### *Hearing*

On September 21, 2022, Defendant appeared for a final revocation hearing. Assistant United States Attorney Robert Wells announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 4 of the petition and to jointly request a sentence of a total of 15 months of imprisonment for this revocation, to run consecutive to the sentence imposed in *State of Texas v. Jason Shane Moses*, Cause No. 19274 in the 115th District Court in Upshur County, Texas, with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 4 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Texarkana.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 4 of the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to a total of 15 months of imprisonment for this revocation, to run consecutive to the sentence imposed in *State of Texas v. Jason Shane Moses*, Cause No. 19274 in the 115th District Court in Upshur County, Texas, with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 4 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to a total of 15 months of imprisonment for this revocation, to run consecutive to the sentence imposed in *State of Texas v. Jason Shane Moses*, Cause No. 19274 in the 115th District Court in Upshur County, Texas, with no further supervised release.  Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.  It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Texarkana.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court.  Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to a total of 15 months of imprisonment for this revocation, to run consecutive to *State of Texas v. Jason Shane Moses*, Cause No. 19274 in the 115th District Court in Upshur County, Texas, with no further supervised release.

So ORDERED and SIGNED this 21st day of September, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE